IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANESSA CAROL LYNN SMITH                                                                                   PLAINTIFF

v.            Civil No. 5:23-cv-05223-TLB-CDC

CONSUMER FINANCIAL PROTECTION
BUREAU, Governmental Consumer Reporting;
WEALTH MANAGEMENT/ARVEST, Broker
Services; and REGIONS BANKING AND INVESTMENTS                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Vanessa C. Smith ("Smith"), filed this action alleging claims under 42 U.S.C. § 1983 and other civil rights violations. Smith proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 8) under 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

Smith filed her original Complaint on December 4, 2023. (ECF No. 1). Smith failed to submit the filing fee or seek pauper status. After instruction, Smith filed a Motion to Proceed IFP (ECF No. 3) which was granted on December 28, 2023. (ECF No. 4). A review of Smith's Complaint revealed that it was difficult to determine what claims Smith was asserting against each of the named Defendants and whether she was asserting the claims on her own behalf or on behalf of her son. Smith was ordered to file an Amended Complaint by February 13, 2024 (ECF No. 5) but failed to comply. A Show Cause Order was entered (ECF No. 6), prompting Smith to file an

1

Amended Complaint on March 7, 2024. (ECF No. 8).

Smith's Amended Complaint is before the Court for screening, and it is challenging to analyze. In addition to alleging federal question jurisdiction, Smith alleges this Court has diversity jurisdiction over the parties. (ECF No. 8 at 4). When prompted to describe the amount in controversy, Smith claims Defendants owe her for the following: An IRA of $1,235; Wealth Management $1,275 loss of investment; White Water Management $3,400 for a stock investment; various stocks; and "2020 – present 55,000 limit lifetime return." *Id.*

Smith indicates a claim was made with the Consumer Financial Protection Bureau and no response was received.[1] (ECF No. 8 at 4). She further alleges abuse toward the account holder, Elgin Smith ("Elgin"), her son. *Id.* Smith indicates this was followed by "denying report or claim." *Id.* With respect to Wealth Management (located at the Arvest bank on Township in Fayetteville, Arkansas), Smith writes: "None-investment/No funds, reported." *Id.* With respect to Regions, Smith writes: "13 years banking fees. Closing an acct." *Id.*

As relief, Smith writes: "Elgin Smith financial, displacement. Loss of Development attitude & function. Den[ial] of relationship. Denote of accomplished self-process. Aware of Disability/purpos[e]ly stop[p]ed self-process. Cause mental disturbance." (ECF No. 8 at 4).

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

---

[1] A claim may be submitted to the CFPB on its website. The website describes the claim process. https://www.consumerfinance.gov/complaint/ (last accessed March 13, 2024).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (cleaned up). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

### III.   DISCUSSION

The claims asserted in the Amended Complaint are subject to dismissal for several reasons.

First, the Consumer Financial Protection Bureau ("CFPB") is immune from suit. In 2010, Congress created the CFPB "as an independent financial regulator within the Federal Reserve System." *Seila L. LLC v. Consumer Fin. Prot. Bureau,* 591 U.S. ___, 140 S. Ct. 2183, 2193 (2020). The CFPB is an agency of the United States. Absent a waiver, the United States and its agencies are protected from suit by sovereign immunity. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). To sue the United States, Smith must show both a waiver of sovereign immunity and the existence of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.,* 235

F.3d 1109, 1112 (8th Cir. 2000). To the extent Smith is alleging a Fourteenth Amendment deprivation of property because of the CFPB's alleged breaches of its fiduciary duty, § 1983 provides no cause of action against those acting under color of federal law – it only applies to those acting under state law. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 931 (1982). *Bivens* makes federal actors liable for constitutional violations but does not extend to federal agencies. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (implied a cause of action against federal agents for constitutional violations); *F.D.I.C. v. Meyer,* 510 U.S. 471, 485-86 (1994) (declining to extend *Bivens* to federal agencies). Because money damages are sought, the waiver of sovereign immunity found in the Administrative Procedures Act does not apply, 5 U.S.C. §§ 701-706.[2] For these reasons, the CFPB is immune from suit, and Smith's claims against it must be dismissed.

Importantly, this cannot properly exercise diversity jurisdiction over this matter. Diversity jurisdiction exists if the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity among all parties is required. Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). Here, Smith – a resident and citizen of the State of Arkansas – alleges that Arvest's Wealth Management Division is also a citizen of Arkansas, defeating the requirements of diversity jurisdiction. And while Smith alleges this Court has original jurisdiction, Smith has pled no claim invoking 28 U.S.C. §1332.

---

[2] The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity as to certain suits for money damages, but vests exclusive jurisdiction over all suits seeking money damages exceeding $10,000 in the Court of Federal Claims.

Finally, while *pro se* individuals have an absolute right to represent themselves, *pro se* parties may not represent the interests of other parties. 28 U.S.C. § 1654. This holds true even when the *pro se* individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.,* 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). While this rule is not without exception, *i.e.* social security cases, no exception extends to claims alleging violations of statutory or constitutional rights. *See e.g., Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir. 2007) (daughter, acting *pro se,* could not bring claims alleging violations of constitutional rights on behalf of her father). Smith appears to be trying but is precluded from asserting any of these claims on behalf of her son, Elgin.

### IV.   CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2) and for lack of jurisdiction.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral:  Entry of this Report and Recommendation terminates the referral.**

**RECOMMENDED** this 13th day of March 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE